# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAT-VAN, INC.; LUMAN N. NEVELS, JR.; 1DB CORPORATE RETREAT, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br><br> SHELDON GOOD & COMPANY AUCTIONS, LLC; SHELDON GOOD & COMPANY AUCTIONS; and DOES 1 to 30, <br><br> Defendants. | CASE NO. 07-CV-912 – IEG (BLM) <br><br> **ORDER: 1) GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. No. 17]; 2) DENYING DEFENDANTS' MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES [Doc. No. 17]; and 3) GRANTING PLAINTIFFS LEAVE TO FILE AN AMENDED COMPLAINT** |

Presently before the court is a motion to dismiss plaintiffs' First Amended Complaint ("FAC," Doc. No. 16) and a motion to strike plaintiffs' claim for punitive damages filed by Sheldon Good & Company Auctions, LLC and Sheldon Good & Company Auctions (collectively "defendants"). (Doc. No. 17 & 19.) For the following reasons, the court grants defendants' motion to dismiss, denies defendants' motion to strike, and grants plaintiffs leave to file an amended complaint.

## BACKGROUND

**Factual Background**

Defendants are auction companies that are incorporated in Delaware and have their principal place of business in Illinois. Mat-Van, Inc. ("Mat-Van"), Luman N. Nevels Jr. ("Nevels"), and 1DB Corporate Retreat, Ltd. ("1DB"), (collectively "plaintiffs") each own island properties, which they

1  wished to sell.  This action arises out of contracts between defendants and each plaintiff where
2  defendants agreed to auction plaintiffs' three resort islands.  (FAC ¶¶ 6, 8, & 9.)

3  According to the complaint, defendants approached plaintiffs with a plan to set up a worldwide
4  auction where plaintiffs could sell their three islands along with two to four other sellers.  (Id. ¶ 9.)
5  Plaintiffs allege that defendants represented there would be a minimum of five properties for sale at
6  the auction and each owner would contribute $100,000 per island, for a total of $500,000.  (Id.)
7  Defendants further assured plaintiffs that there was public interest in such an auction and represented
8  that other sellers had been turned away.  (Id.)  After signing written contracts, plaintiffs each gave
9  defendants $100,000 for marketing and auction purposes.

10  The auction did not turn out to be the success plaintiffs hoped for, as none of the island
11  properties were purchased.  (Id. ¶ 15.)  Plaintiffs also discovered that, contrary to defendant's alleged
12  representation, another seller did not contribute $100,000 per island to the marketing funds, but only
13  contributed $50,000 per island for two islands.  (Id. ¶ 11.)  Thus, there was only $400,000 in total
14  available advertising assets and not the $500,000 assured by defendants.  Defendants have not
15  provided an accounting of the funds expended on promotion of the auction despite repeated requests
16  by plaintiffs.  (Id. ¶ 15.)  Plaintiffs allege defendants misrepresented: 1) the contribution requirements
17  for the sellers at the auction; 2) the total amount of money to be spent on marketing; 3) and that there
18  was public interest in such an auction and other island properties had been rejected.  (Id. ¶ 9.)

19  **Procedural Background**

20  On April 5, 2007, plaintiffs filed a two-count complaint in the Superior Court of California for
21  the County of San Diego, alleging: 1) fraud; and 2) breach of contract.  (Doc. No. 1, Notice of
22  Removal, Exhibit A, p. 3-4.)  Plaintiffs effected service by mail on April 21, 2007.  (Id. ¶ 2.)

23  On May 21, 2007, defendants timely filed a notice of removal to the United States District
24  Court for the Southern District of California.  On June 1, 2007, defendants filed an ex parte application
25  for an extension of time to file a responsive pleading, which was originally due on May 29, 2007.
26  (Doc. No. 6.)  Plaintiffs filed an opposition, (Doc. No. 7), and the court denied defendants' ex parte
27  application on June 13, 2007.  (Doc. No. 8.)

28  On June 19, 2007, defendants filed a motion to dismiss plaintiffs' fraud cause of action and

a motion to strike plaintiffs' claim for punitive damages. (Doc. No. 10.) This court granted the motion to dismiss with leave to amend and denied the motion to strike as moot on July 27, 2007. (Doc. No. 15.)

Plaintiffs filed a First Amended Complaint on August 10, 2007 (Doc. No. 16). Defendants filed a motion to dismiss the first amended complaint on August 20, 2007 (Doc. No. 17) and a motion to strike the request for punitive damages on August 22, 2007 (Doc No. 19). Plaintiffs filed an opposition to these motions on September 25, 2007, (Doc. No. 21) and defendants filed a reply on October 2, 2007 (Doc. No. 22). The court finds that the matter is now fully briefed and amenable for disposition without oral argument pursuant to Local Rule 71.1(b).

**DISCUSSION**

**1.      Defendants' Motion to Dismiss the First Amended Complaint**

Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. Proc. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, a complaint generally must satisfy only the minimal notice pleading requirements of Fed. R. Civ. Pro. 8(a)(2); Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). A court may dismiss a complaint for failure to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Navarro, 250 F.3d at 732 (citing Conley). In other words, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

In deciding a motion to dismiss for failure to state a claim, the court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). The court must accept all factual allegations pled in the complaint as true, and must construe them and

1  draw all reasonable inferences from them in favor of the nonmoving party.[1] <u>Cahill v. Liberty Mutual</u>
2  <u>Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir.1996); <u>Mier v. Owens</u>, 57 F.3d 747, 750 (9th Cir.1995) (citing
3  <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir.1987).  In spite of the deference the court
4  is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff]
5  can prove facts which [he or she] has not alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal.</u>
6  <u>State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Furthermore, a court is not required to credit
7  conclusory legal allegations cast in the form of factual allegations, "unwarranted deductions of fact,
8  or unreasonable inferences." <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001);
9  <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

10       A court may dismiss a complaint without granting leave to amend only if it appears with
11  certainty that the plaintiff cannot state a claim and any amendment would be futile.  <u>See</u> Fed. R. Civ.
12  P. 15(a) (stating that leave to amend "shall be freely given when justice so requires"); <u>DeSoto v.</u>
13  <u>Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992); <u>Schreiber Distrib. Co. v. Serv-Well</u>
14  <u>Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986) (stating "leave to amend should be granted unless
15  the court determines that the allegation of other facts consistent with the challenged pleading could
16  not possibly cure the deficiency").

17  <u>Analysis</u>

18       **Fraud in the Inducement/Promissory Fraud**

19       Plaintiffs' first claim is titled "Fraud in the inducement." (Compl. at 2.)  Defendants argue the
20  fraud claim lacks non-conclusory allegations of fraudulent intent and thus does not state a "promissory
21  fraud" claim.  (Memo. ISO Motion at 3.)  Plaintiffs respond that "[b]ecause the statements were false
22  when made, they are actionable regardless of whether defendants harbored an intention to perform or
23  not perform them at the time the contract was signed or at some later point in time." (Opp'n at 2.)
24  Defendants' reply maintains the position that the complaint must couple allegations of promises made
25  with allegations of simultaneous intent not to perform.  (Reply at 3.)  The California Civil Code
26  defines fraudulent deceit to include <u>both</u> (1) promises made without intent to perform, and/or (2)

---

[1] Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. <u>Wheeldin v. Wheeler</u>, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

statements of fact made which were known to be false. Cal. Civ. Code § 1710(1) & (4). If the complaint states either of these claims, a dismissal is inappropriate.

In diversity cases such as the instant case, the substantive elements of fraud are determined by state law but the complaint must conform with the requirements of the Federal Rules of Civil Procedure. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Generally under the Federal Rules, factual allegations need only meet the minimal pleading requirements of Rule 8(a) except in particular cases such as a fraud claim, where allegations must meet the heightened pleading requirements of Rule 9(b). Rubke v. Capitol Bancorp Ltd., 460 F. Supp. 2d 1124, 1134 (N.D. Cal. 2006). Rule 9(b) states "the circumstances constituting fraud or mistake shall be stated with particularity."[2] Fed. R. Civ. P. 9(b). Allegations of fraud must be specific enough to give "defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). Rule 9(b) "requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 n. 7 (9th Cir. 1994). Furthermore, Rule 9(b) "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."[3] Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007).

Having reviewed the allegations in plaintiffs' first cause of action, the court finds the requirements of Rule 9(b) have not been met.

First, the complaint lumps the two defendants together without alleging the role or participation of each defendant in the fraud as required under the heightened pleading requirements for fraud. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989); Swartz,

---

[2] "A motion to dismiss a . . .claim . . . under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. . . . Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner." Vess, 317 F.3d at 1107-08.

[3] In a lawsuit involving multiple defendants, "a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." Swartz, 476 F.3d at 765.

1    476 F.3d at 764-65. The first amended complaint alleges that co-defendants are "one and the
2    same[,]operating through the same offices and the same officers and employees on the same
3    transactions." (FAC ¶ 6.) In Swartz, the Ninth Circuit held "patently" insufficient allegations that two
4    defendants acted as "agents" in the fraud or "participants in the conspiracy" with the other defendants.
5    476 F.3d at 764-65. In order to comply with Rule 9(b), plaintiffs were required to provide a "stated
6    factual basis" for these allegations. Id. Plaintiffs' reliance on Wool v. Tandem Computers Inc., 818
7    F.2d 1433 (9th Cir. 1987), is misplaced. The Ninth Circuit in that case permitted "'all defendants'
8    language" because "[i]n cases of corporate fraud where the false or misleading information is
9    conveyed in prospectuses, [etc.] . . . it is reasonable to presume that these are the collective actions
10   of the officers." Id. at 1440. In this case, no such presumption arises. Plaintiffs have not pled any
11   facts which suggest that David Latvaaho, an officer of both defendants, was acting for both companies
12   in his contacts with plaintiffs, nor any facts which suggest that the defendants are the same entity. It
13   is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not
14   alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519,
15   526 (1983).

16         Second, plaintiffs' factual allegations fail to demonstrate that defendants did not have an
17   intention to keep promises at the time they was made or that the factual statements were false when
18   made. In the first amended complaint, Plaintiffs contend that defendants represented (1) that each
19   island owner would pay $100,000 into the advertising fund; (2) that at least five islands would be
20   included in the auction; and (3) that there was strong buyer interest and sellers had been turned away.
21   (FAC ¶ 9.) These first two promises are identical to those alleged in the original complaint. This
22   could constitute fraud under California Civil Code Section 1710(4) ("A promise, made without any
23   intention of performing it."). But Plaintiffs have not added to the allegations made in the original
24   complaint that the defendants did not intend to keep their promises. "Although intent can be averred
25   generally under Rule 9(b), a plaintiff must point to facts which show that defendant harbored an
26   intention not to be bound by the terms of the contract at formation." Hsu, 211 F.R.D. at 620;
27   Richardson v. Reliance Nat'l Indemnity Co., No. C 99-2952, 2000 WL 284211, at *4 (N.D. Cal. Mar.
28   9, 2000). In the instant case, the only allegations in the complaint that could demonstrate defendants'

1  fraudulent intent are claims that defendants ultimately did not perform the material terms of the
2  contract. In this court's order of July 27, 2007, dismissing the original complaint, the court concluded
3  that plaintiffs cannot rely solely on allegations that defendants breached the contract, but must plead
4  the existence of other facts that create a reasonable inference of deceptive intent at the time the
5  statements were originally made.[4]  This defect has not been remedied.

6  The third factual basis for a fraud claim is that defendants indicated there was "strong buyer
7  interest" and that they had "turned away many other island owners as prospective sellers." (FAC ¶
8  9.) Plaintiffs allege that these statements were not true at the time that they were made. This could
9  constitute fraud under California Civil Code Section 1710(1) ("The suggestion, as a fact, of that which
10 is not true, by one who does not believe it to be true."). Rule 9(b) requires more than an allegation
11 of falsity; it also requires an explanation of "why the statement or omission complained of was false
12 or misleading." In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir., 1994) (emphasis added).
13 That court noted that "[t]his can be done most directly by pointing to inconsistent contemporaneous
14 statements or information (such as internal reports) which were made by or available to the
15 defendants." Id. at 1549. In the instant case, plaintiffs have not pled facts supporting the falsity of
16 the statements.

17 Upon reviewing the first amended complaint, the court finds that it remains deficient in
18 pleading facts supporting its allegations of fraud. Defendants also contend that the fraud count should
19 be dismissed on the basis of the parol evidence rule. Having found that the fraud allegations are
20 insufficient under Rule 9(b), the court need not address this issue.

21 **Breach of Contract**

22 Defendants argue that the breach of contract claim should be dismissed on the basis of the rule
23 against parol evidence. California's parol evidence rule provides that "[t]erms set forth in a writing

---

[4] See Tenzer v. Superscope, Inc., 39 Cal.3d 18, 30 (1985) (noting that "something more than nonperformance is required to prove the defendant's intent not to perform his promise"); Sunnyside Development Co., LLC v. Opsys Limited, case no. C 05-553, 2005 WL 1876106, at *5-6 (N.D. Cal. Aug. 8, 2005) ("[T]he mere fact that a party breaches a promise to perform a condition of contract is as a matter of law insufficient to give rise to an inference that the breaching party acted with fraudulent intent at the time that the promise was made."); Gordon v. La-Z-Boy, Inc., no. 06-CV-2353, 2007 WL 1101456, at *6 (E.D. Cal. May 22, 2006); cf. National Westminster Bank, USA v. Ross, 130 B.R. 656, 664 (S.D.N.Y. 1991) ("The law is well settled . . . that a party may not establish fraudulent intent solely from the non-performance of the future event.").

1 by the parties as a final expression of their agreement with respect to such terms as are included
2 therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral
3 agreement." California Code of Civil Procedure §1856(a). The application of the parol evidence rule
4 is a proper question to consider in ruling on a motion under Rule 12(b)(6). Mieuli v. DeBartolo, No.
5 C-00-3225, 2001 WL 7774477, at *5 (N.D. Cal. Jan. 16, 2001) ("Applying these [parol evidence]
6 rules, courts have granted motions to dismiss on contract claims where it is clear from the
7 unambiguous terms of the contract that the alleged conduct by the defendant does not constitute a
8 breach of contract."); Phillips Med. Capital, LLC v. Med. Insights Diagnostics Ctr., Inc. 471
9 F.Supp.2d 1035 (N.D. Cal. 2007) (denying motion to dismiss because of possible admissibility of
10 parol evidence).

11 Plaintiffs' First Amended Complaint alleges defendants, orally and in writing, promised the
12 auction would contain at least 5 islands, each island owner would pay $100,000 into the marketing
13 budget, and the auction would be world-class. (FAC ¶ 19.) These promises were made to plaintiff
14 Mat-Van in April of 2006, before the written contract was signed on May 4, 2006. (FAC ¶ 11 & Ex.
15 1.) Thus, evidence of these statements and promises is parol evidence, inadmissible unless it falls
16 under one of the several exceptions to the rule.

17 One exception exists where the contract is not an "integrated agreement." Section 1856(b)
18 excepts "consistent additional terms unless the writing is intended also as a complete and exclusive
19 statement of the terms of the agreement." Cal. Civ. Proc. Code §1856(b) (emphasis added). Whether
20 "the writing is intended by the parties as a final expression of their agreement" is an issue of law for
21 the court to decide. Cal. Civ. Proc. Code §1856(d); see also Banco Do Brasil, S.A. v. Latian, Inc., 285
22 Cal. Rptr. 870, 886 (Cal. Ct. App. 1991). In this case, defendants contend that the written contract is
23 an integrated agreement because it contains an integration clause. In relevant part, the contract states:
24 "[t]his Agreement represents the entire Agreement of the parties in regard to the subject matter hereof;
25 all prior agreements, understandings and representations, if any, are merged herein and superseded
26 hereby." (FAC, Ex. 1, section VII.B.). Plaintiffs do not contend in their Opposition that the contract
27 is not an integrated document, but instead argue the terms are consistent with the written agreement.
28 (Opp'n at 12.) Per Section 1856(b), consistent additional terms are not admissible if the written

agreement is integrated. Cal. Civ. Proc. Code §1856(b); see, e.g., Haggard v. Kimberly Quality Care, Inc., 39 Cal.App.4th 508 (Cal. Ct. App., 1995) ("If a writing is deemed integrated, extrinsic evidence is admissible only if it is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.") Thus, even assuming arguendo that previous oral promises and representations were consistent additional terms, they do not qualify for the Section 1856(b) exception. In light of the clear language in the contract, the court holds that this contract is an integrated agreement. See Airs Intern., Inc. v. Perfect Scents Distributions, Ltd., 902 F. Supp. 1141, 1146 (N.D. Cal. 1995) ("[T]here is no evidence of the surrounding circumstances presented on the instant motion which would naturally subvert the plain terms of the integration clause. Thus, this is one of those cases in which the integration clause should be regarded as 'conclusive' or 'controlling.'").

A further exception, found in Section 1856(e), exists for "mistake or imperfection of the writing" when "it is put in issue by the pleadings." While the plaintiffs' brief references this exception, (Opp'n at 11-12), the First Amended Complaint makes no allegation that the written contract was intended to contain the additional terms. "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. Cal. Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Accordingly, the court will not consider this avenue for admissibility of the parol evidence.

Finally, the rule "does not exclude other evidence . . . to establish illegality or fraud." Cal. Civ. Proc. Code §1856(f). While federal courts apply state substantive law on parol evidence in diversity cases, Rule 9(b) is procedural and still applies to the pleadings. "It is well established that Rule 9(b)'s requirement that allegations of fraud be pled with particularity applies to state-law causes of action before a federal court." Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082 (N.D. Cal. 2006). Plaintiffs' allegations of fraud are insufficient under Rule 9(b) and thus do not establish the fraud exception to the parol evidence rule. See J.A. Moore Const. Co. v. Sussex Associates Ltd., 688 F. Supp. 982, 989-90 (D. Del., 1988) (rejecting evidence proffered under fraud exception to parol evidence rule when plaintiffs had not shown that statements were false when made or the defendants

had not intended not to keep their promises); In re Marianni, 21 B.R. 228 (Brktcy. Pa., 1982) ("The plaintiffs have failed to allege with any such particularity either in their complaint or in testimony before this court that fraud, accident or mistake exists . . . . Therefore . . . the plaintiffs are bound by the agreement as written and signed."). Plaintiffs cannot avail themselves of the fraud exception to the parol evidence rule without alleging fraud with particularity in satisfaction of Rule 9(b).

Because no exception to the parol evidence rule applies, this court therefore finds that evidence of prior or written oral representations not contained in the written, integrated agreement is inadmissible. Plaintiffs have not alleged any breach of terms contained in the written contract. Plaintiffs' complaint thus fails to state a claim for breach of contract and that claim must be dismissed.

**2.      Defendant's Motion to Strike Plaintiff's Claim For Punitive Damages**

Pursuant to Rule 12(f), the court may strike any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992). Motions to strike are commonly used to "strike a prayer for relief where the damages sought are not recoverable as a matter of law." Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1110 (E.D. Cal. 2001). While punitive damages are not available in breach of contract actions, punitive damages may be warranted in a case where a defendant fraudulently induced a plaintiff to enter into a contract. See Walker v. Signal Cos., Inc., 84 Cal. App. 3d 982, 996 (1978); Reynolds v. Allstate Life Ins. Co., 2006 U.S. Dist. LEXIS 14548, at *16 (E.D. Cal. 2006); Cal. Civ.Code § 3294(a) ("... where it is proven by clear and convincing evidence that the defendant has been guilty of ... fraud ... the plaintiff ... may recover damages for the sake of example and by way of punishing the defendant.").

In the instant case, the court has determined that the allegations in plaintiff's promissory fraud claim, which serve as the basis for plaintiff's request for punitive damages, are insufficient and plaintiffs' first cause of action must be dismissed. As such, defendants' motion to strike is denied as moot.

**CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendants' motion to dismiss both claims and **DENIES** defendants' motion to strike as moot.  The court **GRANTS** plaintiffs one final opportunity to amend the complaint, addressing the deficiencies set forth above.  The amended complaint must be filed no later than 14 days from the date this order is filed.

**IT IS SO ORDERED.**

DATED:  October 16, 2007

IRMA E. GONZALEZ, Chief Judge
United States District Court