1
2
3
4
5
6
7
8                         **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   MAT-VAN, INC.; LUMAN N. NEVELS,                CASE NO. 07-CV-912 – IEG (BLM)
     JR.; 1DB CORPORATE RETREAT, LTD.,
12                                                  **ORDER:**
                                Plaintiffs,
13                                                  **1) GRANTING IN PART AND
                                                    DENYING IN PART
14                                                  DEFENDANTS' MOTION TO
                                                    DISMISS [Doc. No. 26];**
15             vs.
                                                    **2) DISMISSING DEFENDANT
16                                                  SHELDON GOOD & COMPANY
                                                    AUCTIONS;**
17
                                                    **3) DENYING DEFENDANTS'
18                                                  MOTION TO STRIKE REQUEST
                                                    FOR PUNITIVE DAMAGES [Doc.
19   SHELDON GOOD & COMPANY                         No. 26]; and**
     AUCTIONS, LLC; SHELDON GOOD &
20   COMPANY AUCTIONS; and DOES 1 to 30,            **4) DENYING DEFENDANTS'
                                                    REQUEST FOR JUDICIAL
21                              Defendants.         NOTICE [Doc. No. 28.].**

22

23
              Presently before the court are defendants Sheldon Good & Company Auctions, LLC, and
24
     Sheldon Good & Company Auctions' (collectively "defendants") (1) motion to dismiss plaintiffs'
25
     Second Amended Complaint (Doc. No. 26), (2) motion to strike plaintiffs' claim for punitive damages
26
     (id.), and (3) request for judicial notice in support of the motion to dismiss (Doc. No. 28).  For the
27
     following reasons, the Court grants in part and denies in part defendants' motion to dismiss, dismisses
28

07cv912

1  defendant Sheldon Good & Company Auctions, denies defendants' motion to strike, and denies

2  defendants' request for judicial notice.

3                                          **BACKGROUND**

4  **Factual Background**

5          Defendants are auction companies incorporated in Delaware with their principal places of

6  business in Illinois. Mat-Van, Inc. ("Mat-Van"), Luman N. Nevels Jr. ("Nevels"), and 1DB Corporate

7  Retreat, Ltd. ("1DB") (collectively "plaintiffs") each own island properties, which they wished to sell.

8  This action arises out of contracts between Sheldon Good & Company Auctions, LLC ("SGC") and

9  each plaintiff in which SGC agreed to auction plaintiffs' three resort islands.  (SAC ¶¶ 6, 8, 11.)

10         According to the complaint, SGC's Senior Vice Presidents, David Latvaaho and Douglas

11  Johnson, approached plaintiffs with a plan to set up a worldwide auction where plaintiffs could sell

12  their three islands along with other sellers.  (Id. ¶ 9.)  Plaintiffs allege SGC made numerous

13  representations to plaintiffs: (1) each island owner would contribute $100,000 per island to form a

14  marketing fund of at least $500,000; (2) public interest existed in buying at this kind of auction; (3)

15  a large number of island owners were interested in selling at the auction; (4) SGC would limit the

16  number of islands sold at the auction to under ten, but at least five; (5) SGC had rejected some islands

17  as unsuitable for the auction; (6) each island would be given equal marketing and advertising exposure

18  in exchange for the owner's $100,000 contribution; (7) the auction would be held at the Four Seasons

19  hotel in New York City; (8) SGC would aggressively market the islands on television; and (9) SGC

20  would promote the auction through free public interest articles.  (Id. ¶ 9.)

21         After signing written contracts, plaintiffs each gave SGC $100,000 for marketing and auction

22  purposes.  (Id. ¶¶ 11-13.)  The auction did not turn out to be the success plaintiffs hoped for, as none

23  of the island properties were purchased.  (Id. ¶ 15.)  Plaintiffs discovered that, contrary to SGC's

24  alleged representations, another seller, George Story, did not contribute $100,000 per island to the

25  marketing funds, but only contributed $100,000 to list his two islands.  (Id. ¶ 9.)  Thus, there was only

26  $400,000 in total available advertising funds and not the $500,000 assured by SGC.

27  //

28  //

1   **Procedural Background**

2        On April 5, 2007, plaintiffs filed a complaint in the Superior Court of California for the County

3   of San Diego, alleging fraud and breach of contract.  (Doc. No. 1, Notice of Removal, Exhibit A, 3-4.)

4   On May 21, 2007, defendants removed the case to this Court. On July 27, 2007, the Court granted

5   defendants' motion to dismiss plaintiffs' fraud cause of action and motion to strike plaintiffs' claim

6   for punitive damages.  (Doc. No. 15.)  The Court granted plaintiffs leave to amend, and plaintiffs filed

7   a first amended complaint on August 10, 2007.  (Doc. No. 16.)  The Court granted defendants' motion

8   to dismiss the first amended complaint in its entirety on October 16, 2007, again granting plaintiffs

9   leave to amend.  (Doc. No. 24.)

10        On October 30, 2007, plaintiffs filed a second amended complaint (hereinafter "SAC").  (Doc.

11   No. 25.)  On November 9, 2007, defendants moved to dismiss the SAC and to strike the request for

12   punitive damages.  (Doc. No. 26.)  Defendants also filed a request for judicial notice in support of the

13   motion to dismiss.  (Doc. No. 28.)  On January 7, 2008, plaintiffs filed an opposition to the motion and

14   the request for judicial notice. (Doc. No. 29.)  Defendants filed a reply in support of the motion to

15   dismiss (Doc. No. 30) and a reply in support of the request for judicial notice (Doc. No. 31) on

16   January 15, 2008.  The Court finds that the matter is now fully briefed and amenable for disposition

17   without oral argument pursuant to Local Civil Rule 7.1(d)(1).

18                                      **DISCUSSION**

19   **1.      Defendants' Motion to Dismiss the Second Amended Complaint**

20   <u>Legal Standard</u>

21        A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

22   legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. Proc. 12(b)(6); <u>Navarro v.</u>

23   <u>Block</u>, 250 F.3d 729, 731 (9th Cir. 2001).  The court may dismiss a complaint for failure to state a

24   claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

25   which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Navarro</u>, 250 F.3d

26   at 732 (citing <u>Conley</u>).  In other words, a Rule 12(b)(6) dismissal is proper only where there is either

27   a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

28   legal theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

1    In deciding a motion to dismiss for failure to state a claim, the court's review is generally

2    limited to the contents of the complaint.  Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir.

3    1996); Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  The

4    court must accept all factual allegations pled in the complaint as true, and must construe them and

5    draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mut. Ins.

6    Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing

7    Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  In spite of the deference the court

8    is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff]

9    can prove facts which [he or she] has not alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal.

10   State Council of Carpenters, 459 U.S. 519, 526 (1983).  Furthermore, the court is not required to credit

11   conclusory legal allegations cast in the form of factual allegations, "unwarranted deductions of fact,

12   or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001);

13   W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

14   **A.    Claims Against Sheldon Good & Company Auctions**

15   As an initial matter, plaintiffs do not make any claims in the SAC against defendant Sheldon

16   Good & Company Auctions.  Accordingly, the Court dismisses Sheldon Good & Company Auctions

17   as a defendant.  Sheldon Good & Company Auctions, LLC, the remaining defendant, will hereinafter

18   be referred to as "defendant."

19   **B.    Fraud Claim**

20   Defendant asserts plaintiffs' fraud claim is barred by the parol evidence rule and is

21   insufficiently plead under Rule 9 of the Federal Rules of Civil Procedure.  In response, plaintiffs argue

22   their fraud claim falls within the exceptions to the parol evidence rule for fraud, mistake, and

23   consistent additional terms.  Plaintiffs also argue their fraud claim, as amended, is alleged with

24   sufficient particularity.

25   **1.    Parol Evidence Rule**

26   California's parol evidence rule provides:  "[t]erms set forth in a writing by the parties as a

27   final expression of their agreement with respect to such terms as are included therein may not be

28   contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." Calif. Civ.

Proc. Code §1856(a).  The application of the parol evidence rule is a proper question to consider in ruling on a motion under Rule 12(b)(6).  Mieuli v. DeBartolo, No. C-00-3225, 2001 WL 7774477, at *5 (N.D. Cal. Jan. 16, 2001) ("Applying these [parol evidence] rules, courts have granted motions to dismiss on contract claims where it is clear from the unambiguous terms of the contract that the alleged conduct by the defendant does not constitute a breach of contract."); Phillips Med. Capital, LLC v. Med. Insights Diagnostics Ctr., Inc. 471 F. Supp. 2d 1035 (N.D. Cal. 2007) (denying motion to dismiss because of possible admissibility of parol evidence).

The parol evidence rule applies when a party seeks to prove terms of a contract not contained in a final, integrated written agreement.  Iconix, Inc. v. Tokuda, 457 F. Supp. 2d 969, 977 (N.D. Cal. 2006) (purpose of California's parol evidence rule is to make sure the parties' final written understanding is not changed).  It applies regardless of whether the claim is denominated as one for breach of contract or fraud.  Cont'l Airlines, Inc. v. McDonnell Douglas Corp., 216 Cal. App. 3d 388, 416-22 (1989) (holding, in fraud case, parol evidence not admissible to "establish precontract promise" at variance with integrated agreement); see also Casa Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 344 (2004) (noting parol evidence is "legally irrelevant and cannot support a judgment"); Conrad v. Bank of Am., 45 Cal. App. 4th 133, 156-57 (1996) ("[A] claim of fraud cannot be permitted to serve simply as an alternative cause of action whenever an enforceable contract is not formed.").  The parol evidence rule does, however, contain a limited exception for evidence establishing illegality or fraud.  Cal. Civ. Proc. Code § 1856(f).

Plaintiffs concede the parol evidence rule applies but first argue the promises made by defendant are admissible because they are not "directly at variance" with the written agreement.  (Opp. at 11.)  As the Court's Order of October 16, 2007 explained, "consistent additional terms" are barred by the parol evidence rule if the written agreement is "integrated."  (Doc. No. 24, at 8.)[1]  The Court

---

[1]The Court stated in part:

> Per Section 1856(b), consistent additional terms are not admissible if the written agreement is integrated. Cal. Civ. Proc. Code § 1856(b); see, e.g., Haggard v. Kimberly Quality Care, Inc., 39 Cal. App. 4th 508 (1995) ("If a writing is deemed integrated, extrinsic evidence is admissible only if it is relevant to prove a meaning to which the language of the instrument is reasonably susceptible."). Thus, even assuming arguendo that previous oral promises and representations were consistent additional terms, they do not qualify for the Section 1856(b) exception. In light of the clear language in the contract, the court holds that this contract is an integrated agreement.

1   previously held, the contract contains an integration clause and is an integrated agreement. (Id.)

2   Moreover, the Court again rejects plaintiffs' argument the alleged oral promises are permissible under

3   Section 1856(e) of the California Code of Civil Procedure, for cases where "a mistake or imperfection

4   of the writing is put at issue by the pleadings."  No such mistake has been alleged and plaintiffs may

5   not avail themselves of this exception.  (10/16/07 Order at 9.)  Accordingly, the parol evidence rule

6   bars plaintiffs' reliance on any promises not embodied in the written agreement unless the fraud

7   exception applies.

8          The fraud exception, contained in Section 1856(f), is limited in scope and does not apply to

9   allegations of "promissory fraud," that is, promises made without the intention to perform.  Alling v.

10  Univ. Manuf. Corp., 5 Cal. App. 4th 1412, 1436 (1992); see also Magpali v. Farmers Group, Inc., 48

11  Cal. App. 4th 471, 481 (1996) (defining promissory fraud).  Thus the fraud exception to the parol

12  evidence rule only allows evidence of misrepresentations of facts which fraudulently induced plaintiffs

13  to enter into the contracts with defendant.  Oak Indus., Inc. v. Foxboro Co., 596 F. Supp. 602, 608

14  (S.D. Cal. 1984); see also Sanguinetti v. Viewlogic Sys., Inc., No. 95-CV-2286, 1996 WL 33967, at

15  *16 (N.D. Cal. Jan. 24, 1996) ("Because the [promissory] fraud that Plaintiffs allege does not fall

16  within the exception to the parol evidence rule, Plaintiffs cannot overcome the presumptive application

17  of the parol evidence rule.").

18         Plaintiffs argue their fraud claim is for deceit or fraud in the inducement and is based on

19  misrepresentations of facts.  "Fraudulent representations, to constitute ground[s] for relief, must be

20  as to existing and material facts."  Richard P. v. Vista Del Mar Child Care Serv., 106 Cal. App. 3d

21  860, 865 (1980) (emphasis added); Pacesetter Homes, Inc. v. Brodkin, 5 Cal. App. 3d 206, 211 (1970)

22  (holding statements something "would" happen were not assertions of fact constituting deceit claim);

23  see also Black's Law Dictionary, 6th ed., at 591 (defining "fact" as "[a] thing done; an action

24  performed or an incident transpiring; an event or circumstance; an actual occurrence; an actual

25  happening in time or space or an event mental or physical; that which has taken place.").  In this case,

26  where plaintiffs assert defendant misrepresented then-existing facts, plaintiffs have stated an element

27  of a deceit claim.  But where plaintiffs allege defendant made misrepresentations as to defendant's

28

(10/16/07 Order at 8.) See also Alling v. Univ. Manuf. Corp., 5 Cal. App. 4th 1412, 1435 (1992).

future actions or future facts, plaintiffs are making a promissory fraud claim. <u>See</u> <u>Cont'l Airlines</u>, 216 Cal. App. 3d at 419 (finding representation that something "will not" happen "is properly analyzed as a form of promissory fraud").

Plaintiffs allege nine misrepresentations by defendant, and seven of the alleged misrepresentations are actually alleged fraudulent promises. Specifically, plaintiffs allege defendant represented "each participating island owner would contribute $100,000 per island in order to create a massive advertising/marketing fund." (SAC ¶¶ 9 & 9(D) (emphasis deleted).) Plaintiffs also allege defendant represented the auction would include no fewer than five islands or more than ten islands (<u>id.</u> ¶¶ 9(A), 9(C), & 9(F)). Defendant also allegedly represented the advertising fund would include a minimum of $500,000 (<u>id.</u> ¶ 9(F)), each island would be given equal marketing and advertising exposure (<u>id.</u> ¶ 9(E)), the auction would be held at the Four Seasons Hotel (<u>id.</u> ¶ 9(G)), and the auction would be aggressively advertised on television and through free public interest articles in high end magazines (<u>id.</u> ¶ 9(H)-(I)). These statements, concerning future actions by the defendant, are not misrepresentations of facts and are not admissible pursuant to the fraud exception to the parol evidence rule. Plaintiffs' complaint does not state a claim insofar as it relies on these misrepresentations. <u>See</u> <u>Sanguinetti</u>, 1996 WL 33967, at *16.

Plaintiffs do, however, also allege defendant represented facts knowing they were not true. Specifically, plaintiffs allege defendant represented it had conducted research on the market for such an auction, and there were large numbers of island owners interested in the auction. (SAC ¶ 9(A).) Plaintiffs also allege defendant represented it had been in contact with certain island owners who indicated they wanted to participate in the auction, but defendant rejected those owners. (<u>Id.</u> ¶ 9(B).) These misrepresentations of fact go to a claim for fraudulent inducement, and are thus admissible under the fraud exception to the parol evidence rule.

### 2.     Heightened Pleading Standards

In diversity cases, the substantive elements of fraud are determined by state law but the complaint must conform with the requirements of the Federal Rules of Civil Procedure. <u>Vess v.</u> <u>Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003). In federal court, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); <u>see also</u> <u>Rubke</u>

v. Capitol Bancorp Ltd., 460 F. Supp. 2d 1124, 1134 (N.D. Cal. 2006).  Allegations of fraud must be specific enough to give "defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001).  Furthermore, plaintiffs must not simply allege falsity, but must explain "why the statement or omission complained of was false or misleading."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis added).

In this case, plaintiffs allege defendant falsely reported many island owners were interested when only three island owners actually wanted to participate in the auction.  Plaintiffs also allege defendant had not rejected any island owners, but had instead been rejected by other island owners. (SAC ¶¶ 10(A)-(B).)  At the time defendant made these representations to plaintiffs, plaintiffs allege defendant was entering into an agreement with another island owner, George Story, with different terms than those offered to plaintiffs, which defendant concealed. (Id. ¶ 10(D).)  Plaintiffs support this assertion by alleging defendant told Cheyenne Morrison, another real estate agent involved in the transaction, that Morrison should not tell plaintiffs of the Story agreement because it would contradict defendant's representations many island owners were interested.  (Id. ¶ 10(D).)

This specificity satisfies Rule 9.  Plaintiffs support their allegation defendant knew the statements were false with the specific allegation defendant informed Morrison not to disclose the Story agreement because it would contradict defendant's representations.  Defendant argues the allegations regarding statements to Morrison are insufficient because they do not indicate who made the statements and the precise timing of the statements.  The "evidentiary" facts of time, place, and persons must be alleged with regard to the misleading statements, which plaintiffs have precisely identified.  See In re GlenFed, 42 F.3d at 1548 n.7.  The statements made to Morrison provide an "explanation of why or how such statements are false or misleading" and need not also be pleaded with exact time, place, and persons information.  See id.; Plaintiffs' Opposition at 9.  Thus, plaintiffs have pleaded particular facts which, if true, tend to show defendant knew its statements were false when made or fraudulently concealed relevant facts.

Defendant also argues the complaint fails to state a claim with the requisite specificity as to

1    fraud against Nevels and 1DB.  Defendant argues by making specific allegations regarding plaintiff

2    Mat-Van, Inc., and then alleging the same facts with regard to the other plaintiffs, plaintiffs have not

3    met the standard of Rule 9.  Defendant cites no cases supporting this proposition.  (Memo. ISO Motion

4    at 11-12; Reply at 7-8.)   Plaintiffs allege defendant's Senior Vice Presidents made the same

5    representations as were made to Mat-Van, Inc., to Nevels and 1DB during April and May of 2006.

6    (SAC ¶ 12.)   The representations by defendant were, for the most part, made in documents given to

7    all three plaintiffs.  (Id.)  Plaintiffs reasonably alleged the same representations were made to all three

8    plaintiffs rather than repeating the same language three times.  Cf. Carrigan v. Calif. State Legislature,

9    263 F.2d 560, 566 (9th Cir. 1959) ("When fraud is alleged, it must be particularized as Rule 9(b)

10   requires, but it still must be as short, plain, simple, concise, and direct, as is reasonable under the

11   circumstances, and as Rules 8(a) and 8(e) require.").  Furthermore, plaintiffs have satisfied the goal

12   of Rule 9(b), which is to "ensure[] that allegations of fraud are specific enough to give defendants

13   notice of the particular misconduct which is alleged to constitute the fraud charged so that they can

14   defend against the charge and not just deny that they have done anything wrong."  Semegan v.

15   Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

16          Accordingly, the SAC states a claim for fraud as to the misrepresentations of fact contained

17   in paragraphs 9(A) and 9(B).  The motion to dismiss is granted as to plaintiffs' claim of fraud relying

18   on the alleged false promises contained in paragraph 9(A) and paragraphs 9(C) through 9(I).[2]

19          **C.    Breach of Contract**

20          As discussed above, plaintiffs cannot state a claim relying on any of defendant's alleged

21   promises not made in the integrated written agreement.  Accordingly, plaintiffs only state a claim for

22   breach of contract insofar as they allege breach of the written agreement.

23          Plaintiffs allege breach of defendant's obligation "to professionally advertise and market

24   plaintiffs' properties in a world class auction."  (SAC ¶ 18.)  Defendant allegedly breached this duty

25   by "fail[ing] to timely create advertising, resulting in most of the advertising being run shortly before

26   the auction," printing brochures in an untimely manner such that it was "impossible for interested

27

28          [2]As described above, paragraph 9(A) contains both allegations of misrepresentations of fact and allegations of
false promises.  Paragraph 9(b) only contains allegations of misrepresentations of fact.

1   buyers to attend the advertised 'open house,'" and doing "minimal advertising, no television

2   advertising, and creat[ing] no publicity for this auction." (Id. ¶ 20.)

3          Defendant's alleged obligation "to professionally advertise and market plaintiffs' properties

4   in a world class auction" is not based on the written contract.  The two provisions which discuss

5   advertising in detail establish defendant's "right" to advertise the property (SAC, Ex 2, ¶ III(B)) and

6   plaintiffs' duty to pay for the advertising (id. ¶ V(B)).  The contract also gives defendant "the right

7   in its reasonable discretion to allocate Marketing Expenses across budgetary categories." (Id. ¶ V(D).)

8   Defendant is, however, obligated by the written contract to "make an earnest and continued effort to

9   effect a sale of the Property." (Id. ¶ III(B).)  Plaintiff has alleged an almost complete lack of

10  advertising by defendant and has alleged the timing of the advertising prevented it from attracting

11  buyers.  These alleged failures could constitute a failure to "make an earnest and continued effort to

12  effect a sale of the Property."

13          Plaintiffs also allege the auction did not take place prior to the date provided in the contract,

14  and defendant did not hold three scheduled showings of the islands, as specified by the contract.

15  (SAC ¶ 20.)  Accordingly, plaintiffs have alleged three distinct breaches of the written contract: (1)

16  failure to make an earnest and continuing effort to sell the islands; (2) failure to hold the auction prior

17  to August 31, 2006; and (3) failure to schedule three showings of the islands.

18          Defendant attacks the sufficiency of the breach of contract allegations on one final ground.

19  Defendant asserts plaintiffs must plead their performance under the contracts in order to state a claim

20  under California state law.  Defendant cites no cases in support of this argument.  Plaintiffs have

21  alleged they each made payment of the $100,000 required by the contract. (SAC ¶ 15.) Rule 8, which

22  governs pleading requirements for breach of contract actions in federal court, only requires a "short

23  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

24  Plaintiffs' allegation of performance of their contractual duties of payment thus suffices to plead that

25  element of a breach of contract claim.  See Mark Kravis, Inc. v. Franking Fueling Sys., Inc., No.

26  07cv0483, 2007 WL 2873384 at *3 (S. D. Cal. Sept. 28, 2007) (finding "performance by the plaintiff"

27  element met by allegation plaintiff performed services for the defendant).

28  //

1    **D.      Breach of Fiduciary Duty**

2        Plaintiffs' SAC alleges breach of fiduciary duty, a claim not raised in the two previous

3    complaints.  On October 16, 2007, the Court granted plaintiffs leave to file an amended complaint

4    "addressing the deficiencies set forth" in that Order.  (Doc. No. 24.)  As defendant correctly argues,

5    adding a new claim was not within the scope of the Court's Order.  Plaintiffs may not amend their

6    complaint without leave of the Court or the written consent of the adverse party. Fed. R. Civ. P. 15(a).

7    Accordingly, the claim for breach of fiduciary duty is dismissed without prejudice.

8    **2.    Defendants' Motion to Strike Plaintiffs' Claim For Punitive Damages**

9        Pursuant to Rule 12(f), the court may strike any "redundant, immaterial, impertinent, or

10   scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are commonly used to "strike a prayer

11   for relief where the damages sought are not recoverable as a matter of law."  Gay-Straight Alliance

12   Network v. Visalia Unified Sch. Dist., 262 F. Supp. 2d 1088, 1110 (E.D. Cal. 2001).  While punitive

13   damages are not available in breach of contract actions, punitive damages may be warranted in

14   fraudulent inducement actions.  See Walker v. Signal Cos., 84 Cal. App. 3d 982, 996 (1978); Reynolds

15   v. Allstate Life Ins. Co., 2006 U.S. Dist. LEXIS 14548, at *16 (E.D. Cal. 2006); Cal. Civ.Code §

16   3294(a) ("where it is proven by clear and convincing evidence that the defendant has been guilty of

17   . . . fraud . . . the plaintiff . . . may recover damages for the sake of example and by way of punishing

18   the defendant.").  In the instant case, plaintiffs have stated a claim for fraud, and thus punitive

19   damages may be available.

20   **3.    Defendants' Request for Judicial Notice**

21       Defendants requests the Court take judicial notice of two news articles in support of

22   defendants' motion to dismiss.  The two articles discuss the auction and were published on

23   Forbes.com and MiamiHerald.com in August of 2006.  Rule 201 of the Federal Rules of Evidence

24   allows the Court to take judicial notice of matters that are "capable of accurate and ready

25   determination by resort to sources whose accuracy can not reasonably be questioned." Fed. R. Evid.

26   201(b).  Judicial notice may properly be taken on a motion to dismiss under Rule 12(b)(6). Lee v. City

27   of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  "[T]he kind of things about which courts

28   ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2)

matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958." Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997).

Defendants argue the judicially noticeable facts in the news articles refute plaintiffs' claims. First, defendants argue the two articles contradict plaintiffs' allegations defendants failed to generate any free public interest articles. (Memo. ISO Motion at 9; Reply in support of Defendants' Request for Judicial Notice at 1.) As plaintiffs contend, publication of the articles does not resolve the disputed questions of whether defendants generated the articles or whether generating those articles met defendants' duty to promote the sale of the properties. (Opp. to Request for Judicial Notice at 1-2.) Defendants also argue the articles prove the auction was held on or before the deadline contained in the contract. (Memo. ISO Motion at 10; Reply ISO Request at 1.)  A news article reporting something was planned to occur on a given date does not prove it later occurred.  Finally, defendants argue the article proves the Story agreement was not a "secret" deal, as one of the articles mentions Mr. Story and states the listing price was between $50,000 and $100,000 per island.  (Request for Judicial Notice, Ex. B.)  But later disclosure of the agreement does not negate plaintiffs' contention defendants failed to disclose the agreement in April and May of 2006, and informed Mr. Morrison not to tell plaintiffs of the agreement.  (SAC ¶¶ 10 & 12, Reply at 6, n.1.)  The Court thus finds judicial notice of the articles is not proper under Rule 201.  See Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1151 (9th Cir. 2005) ("Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b).") (internal citation omitted).[3]

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED** as to defendant Sheldon Good & Company Auctions, who is hereby **DISMISSED** from this action.  Defendants' motion to dismiss the fraud cause of action is **GRANTED** insofar as plaintiffs rely on the alleged

---

[3]Ritters v. Hughes Aircraft Co., 58 F.3d 454, 458 (9th Cir. 1995), cited by defendants, is not to the contrary.  In that case, the Ninth Circuit held a district court did not abuse its discretion in taking judicial notice of a fact reported in newspapers which was also generally known in the community and had been acknowledged by the non-moving party in his deposition.

1   false promises contained in paragraph 9(A) and paragraphs 9(C) through 9(I), but is **DENIED** as

2   to plaintiffs' claim of fraud as to the alleged misrepresentations of fact contained in paragraphs

3   9(A) and 9(B) of the SAC.  Defendants' motion to dismiss the breach of contract cause of action is

4   **GRANTED** as to all but the three alleged breaches of the written contract: (1) failure to make an

5   earnest and continuing effort to sell the islands; (2) failure to hold the auction prior to August 31,

6   2006; and (3) failure to schedule three showings of the islands.  This partial dismissal is **WITH**

7   **PREJUDICE** and without leave to amend.  The Court hereby **DENIES** defendants' motion to

8   strike, **DENIES** defendants' request for judicial notice, and **ORDERS** defendant to file an answer

9   within twenty days of the date of this order.

10

11   **IT IS SO ORDERED.**

12

13   **DATED:  February 6, 2008**

14                                                          *Irma E. Gonzalez*

15                                          **IRMA E. GONZALEZ, Chief Judge**
                                           **United States District Court**

16

17

18

19

20

21

22

23

24

25

26

27

28